Smith, J.
The questions which have been submitted to us in this case are these: First — Whether section 32, of an act of the general assembly, passed February 28, 1888, 85 Ohio Laws, 34, and which appears as section 8223 — 100 Smith & Benedict’s Statutes, is a valid law, or whether it is in contravention of section 26, article 2 of the constitution of the state, which provides that all laws of a general nature shall have a uniform operation throughout the state.”
The section in question provides, in substance, that all buildings, except such as are used for private residences exclusively, in a city of the first class, first grade, of three or more stories in height, shall be provided with one or more suitable fire-escapes, extending from the first story to the upper stories of such building, and above the roof, and on the outer walls thereof, in such location and numbers, and of such material and construction as the inspector (provided for in the statute), may determine. It is provided further, that after such determination by the said inspector, he may notify the owner, les *179 see or occupant of such building to cause such fire-escape to * be constructed within thirty days after the.service of the notice, and, if the person so notified fails to comply therewith, he shall be subject to a fine of not less than $10.00, nor more than $100.00, and to a further fine of $50.00 for each week that he fails to comply with the same.
It is claimed by counsel for the defendant that this is a law of a general nature, and therefore must be uniform in its operation throughout the state, and as the section itself makes it applicable to cities of the first grade of the first class, that -it violates this provision.
It seems to us that this exception is not well taken. We take it to be well settled that many things, not malum in se, may be prohibited, and made offenses, when done in one place or locality, which are not prohibited or made punishable, when done in other localities. Thus, for instance, the storing of large quantities of gunpowder in the midst of a populous city, or fast driving on the streets of a municipal corporation, are familiar instances of this, and we suppose no one would question the right of the legislature to make this punishable, or to confer upon the municipal authorities the power to do the same thing. This is a right and proper exercise of the police power, and we see no difference in principle between the regulations referred to, and that contemplated by this statute. See Marmet v. State, 45 Ohio St. 67. We therefore hold that section 32 of said act, (section 8223 — 100 S. & B. Statutes), is a legal and valid law, and that a person who violates the same may properly be found guilty and punished therefor, the defendant in such case being clearly entitled under the same to a trial by jury, in a court having jurisdiction thereof.
Second. — It is also urged that section 61, of this act, (section 8223-130, Smith & Benedict’s Revised Statutes), upon the provisions of which this action is prosecuted, is in conflict with section 5 of article 1, of the constitution, which provides that “the right of trial by jury shall be inviolate.” The section of the law is as follows; “ Any court having *180 equity jurisdiction, in term time or in vacation, may on the application of the inspector, by any suitable process or decree in equity suit, brought in the name of'said city, enforce the provisions of this act ,• and may, on such application, issue an injunction to restrain the use or occupation of any building or structure in said city, erected, altered, maintained or used in violation of this act.”
As stated, the action before us is one brought under the provisions of this section, on the equity side of the court, setting up the ownership and character of a certain building, one of the kind which, under the statute before cited, should be provided with fire escapes, and setting up the determination of the inspector that such was the case, and his notification to the defendant, the owner thereof, to construct them accordingly, and her failure and refusal so to do, and then prays that the defendant be enjoined from permitting said buildings to remain in their present condition, and from the use and occupation of the same; and for all other and proper relief. By the answer, issue is taken as to the averments of the petition. At the trial of the case in the Supreme Court, it was ordered and adjudged that the defendant be perpetually enjoined from using the building described in the petition, without fire escapes being placed therein as provided by law.
From this judgment an appeal was taken to this court, and at the hearing, the allegations of the petition were shown to be true and if the law is valid, it would seem that the same decree should be entered here.
The principal question in the case then, as it seems to us is, whether the section of the law in question is invalid, for the reason that it deprives the defendant in such proceeding from his or her constitutional right of a trial by jury as to the subject-matter of the action.
The right to the use and occupancy of one’s own premises, is one of which he cannot be deprived, or which can not be taken from him except by due process of law. It is a property right, and our understanding is, that according to the *181 course of the common law, that in an action involving the right of a person to the possession of his property, he was entitled to have the question passed upon by a jury. If this be so, it would seem that this statute in question, deprives him of such right. It is clear that if a criminal prosecution is commenced against the owner of the property for a violation of the provisions of section 32 of the statute, he is entitled to have the question of his guilt or innocence submitted to a jury. This the legislature can not take away from him. To do so, would be a clear violation of this constitutional provision. But if the provisions of section 61 are to be upheld, in effect, the defendant will be found guilty, by a single judge, of a violation of section 32, and his property right taken away from him. It can not rightly be said, that a court of equity may submit the question of fact to a jury, and that 'this will make the provisions of section 61 valid. Under its provisions, full power is given to the court itself to proceed to final judgment, and prevent the use and occupation of the building while it remains in the same condition, without any right whatever upon the part of the owner to have the question whether he is violating the law submitted to a jury. Indeed, if the section under consideration is to have a literal construction, any court having equity jurisdiction may in a suit in equity enforce all the provisions of the act — -that is, even by assessing all the fines and penalties which are affixed by the various sections of this statute, for violation of its several provisions, which would be absurd.
But whatever may be our opinions on this subject, and the hesitation we would have to declare a law passed by the legislature to be unconstitutional, unless it be manifestly so, we think the Supreme Court, in the case of Turnpike Co. v. Parks et al., 50 Ohio St. 568, and Turnpike Co. v. Gay, 50 Ohio St. 583, have laid down principles which require us to hold that the section under consideration does infringe upon the provisions of the constitution as to the right of trial by jury. The court there held that sections 4814-16 and 18 of the Revised *182 Statutes, in so far as they authorize the probate court to declare a turnpike road, abandoned and vacated as a toll road, and thereby to become a free road, without the intervention of a jury, or the right of appeal whereby such jury could be had to determine whether the road, or a part of it, has been out of repair for the preceding six months within the statutory meaning, are in conflict with, 1st, section 5, article 1, of the constitution — “ the right of trial by jury shall be inviolate; 2nd, section 16, article 1 of the constitution : “ Every person-for an injury done him in land and goods, shall have remedy by due course of law;” and 3rd, of the provision in section 1, article 14, of the amendments of the constitution of the United States, that “ no person shall be deprived of property without due process of law.”
Corporation Counsel, for the city.
Von Seggern, Phares & De Wald, for defendant.
The reasoning of the judge delivering the opinion of the court is, that the franchise of a turnpike company,' that is, a right to collect toll for the use of the road, is property, which, as defined by Blackstone, “ consists in the free use, enjoyment and disposal of all one’s acquisitions without any control or diminution, save by the laws of the land.” And that “ to determine the existence of a state of facts upon whieh to base a destruction of property rights and interests, strict regard should be had in the investigation to the methods and safeguards prescribed by the constitution ; and that to determine this question, when there is an issue as to the facts,, the constitution entitled the company to a jury trial.”
As we have said, we think the principles there decided are applicable to the case before ns, and decisive of it, and for the reasons stated, we think the relief prayed for should be denied, and the petition of the plaintiff be dismissed.